HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
GRIFFIN ESTES, BAR #322095
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
ANTHONY RAY MINOR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00177-DAD-BAM |
|---|---|
| Plaintiff, | **MOTION FOR RECONSIDERATION REGARDING PREVIOUSLY FILED JOINT STIPULATION ON LAW LIBRARY ACCESS; ORDER** |
| vs. | |
| ANTHONY RAY MINOR, | |
| Defendant. | |

Please take notice that, Mr. Minor, through counsel, Assistant Federal Defender Griffin Estes, hereby moves for the Court to reconsider the order on the parties' joint stipulation regarding Mr. Minor's access to the law library. ECF Dkt. # 21.

**MOTION**

Mr. Minor, by and through his counsel of record, Assistant Federal Defender Griffin Estes, hereby moves this Court to reconsider its decision denying a proposed order regarding Mr. Minor's access to the law library at the Fresno County Jail. This motion is made pursuant to Federal Rule of Criminal Procedure 12, Eastern District of California Local Rule Crim. 430.1, and such other statutory and constitutional rules as may be applicable.

//

//

# PROCEDURAL HISTORY

Mr. Minor was indicted on June 23, 2022. ECF Dkt. # 8. He had an initial appearance on July 5. 2022. ECF Dkt. # 17. At that time he was ordered detained in the Fresno County Jail. *Id*.

On July 20, 2022, the parties filed a joint stipulation asking the court to order that Mr. Minor be given access to law library. ECF Dkt. # 21. The court issued an order on the same day stating: "The parties' request the Court order that Mr. Minor be given access to the law library at the Fresno County Jail. That request is DENIED. The Court lacks jurisdiction over the Fresno County Jail to order the Jail or Jail officials to engage in any particular conduct. The parties may direct their concerns to the U.S. Marshals Service." ECF Dkt. #22.

# MEMORANDUM OF POINTS AND AUTHORITIES

After the court denied the parties stipulation, undersigned counsel conferred with the U.S. Marshals Service. The Marshal service is aware that Mr. Minor is currently incarcerated at the Fresno County Jail. Further that, Mr. Minor is currently representing himself, pro se, in a matter pending before the Fifth Circuit Court of Appeals. The case is 3:18-cv-00093-L-BH. They further acknowledge that because Mr. Minor is representing himself, he should have access to the law library while incarcerated at the Fresno County Jail. The Supreme Court "has long held that 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' *Lewis v. Casey*, 518 U. S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U. S. 817, 828, (1977)). Specifically, prisons must provide the legal materials and 'tools . . . that the inmates need in order to attack their sentences, directly or collaterally.' *Lewis*, 518 U. S., at 355." *Simmons v. United States*, 142 S. Ct. 23, 24 (2021) (Sotomayor, J., statement in support of denial of cert.) Because Mr. Minor has not been appointed counsel in the matter pending before the Fifth Circuit Court of Appeals, he has a right of access to the law library.

Deputy Marshal Mark Yang forwarded undersigned counsel email communications he had with the Fresno County Jail Offender Programs Manager Tracey Barajas. Exhibit A. Ms. Barajas' email indicates that they will accept orders from the Court, and that "[they] will gladly

follow the order of the Court." *Id*. The matter Mr. Minor is requesting access to the library for is currently pending.

In light of the fact that the Jail accepts the jurisdiction of the Court, Mr. Minor is asking the Court to reconsider the prior order on the parties joint stipulation.

                                Respectfully submitted,

                                HEATHER E. WILLIAMS
                                Federal Defender

Date: July 26, 2022          /s/ *Griffin Estes*
                                GRIFFIN ESTES
                                Assistant Federal Defender
                                Attorney for Defendant
                                ANTHONY RAY MINOR

**O R D E R**

The motion for reconsideration is denied. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 430.1(i).

Defendant presents evidence of an email from the Fresno County Sheriff's Office that Fresno County "will gladly follow the order of the Court." (Doc. 23-1.) The Court presumes that this reference is to a lawful order of the Court. This Court lacks jurisdiction over the Fresno County Jail or the Sheriff's Office, as they are not parties to this litigation. The Court will not issue a null order or an order that cannot be enforced.

IT IS SO ORDERED.

Dated:   **July 26, 2022**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE