PHILLIP A. TALBERT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00177-ADA-BAM |
|---|---|
| Plaintiff, | |
| v. | STIPULATION AND ORDER BETWEEN THE UNITED STATES AND DEFENDANTS FOR A PROTECTIVE ORDER |
| ANTHONY MINOR, and TILISHA MORRISON, | |
| Defendants. | |

WHEREAS, the discovery in this case involves statements by civilian witnesses (audio, video, and/or written), and images of and/or documents containing personally identifiable information (PII) including Social Security numbers, dates of birth, other identification information of real individuals, and bank account/credit card numbers, (the "Protected Information"); and

WHEREAS, the parties desire to avoid the unauthorized disclosure or dissemination of Protected Information to anyone not a party to the court proceedings in this matter;

The parties agree that entry of a stipulated protective order is appropriate.

THEREFORE, ANTHONY MINOR and TILISHA MORRISON (hereinafter "defendants"), by and through their counsel of record (hereinafter "defense counsel"), and the United States of America, by and through its counsel of record, hereby agree and stipulate as follows:

1. This Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and its general supervisory authority.

2. This Order pertains to all discovery provided to or made available to defense counsel as part of the discovery in this case (hereinafter, collectively known as the "discovery") or to comply with trial obligations pursuant to Title 18 U.S.C. § 3500 (Jenck's Act), or to comply with *Brady* and *Giglio* obligations.

3. By signing this Stipulation and Protective Order, defense counsel agrees not to share any documents or other information, verbal or written, recordings (audio/video), or images that contain Protected Information or statements by civilian witnesses with anyone other than co-counsel and designated defense investigators and support staff. Defense counsel may permit defendants to review un-redacted documents and other discovery in the presence of defense counsel or under the supervision of defense counsel. The parties agree that defense counsel, defense investigators, and support staff shall not allow defendants to copy Protected Information contained in the discovery, nor provide copies of documents or other information, verbal or written, recordings (audio/video), or images that contain Protected Information or statements by civilian witnesses. The parties agree that defense counsel, defense investigators, and support staff may provide defendants with copies of documents from which Protected Information has been redacted.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose.

5. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, defense counsel shall return Protected Information to the government, or certify in writing that the Protected Information has been destroyed, or, if defense counsel seeks to maintain Protected Information in the defense team's files beyond final disposition of the case, seek modification of this provision from the Court. If any Protected Information is used as defense exhibits, it shall be maintained with government exhibits so long as those are required to be maintained.

6. If, upon final disposition of the case, defendants request a copy of Protected Information from defense counsel, defense counsel may provide a copy of Protected Information to defendants provided that defense counsel ensures that all PII contained in Protected Information is fully redacted. If defense counsel provides a redacted copy to defendants subject to the above conditions, defense counsel or a member of the defense team must contemporaneously attest in writing that it has fully redacted PII

from the Protected Information and complied with this Order.  This written certification need not be disclosed or produced to the United States unless ordered by the Court.

7. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

8. Defense counsel shall be responsible for advising defendants, employees, other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

9. In the event that a defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order.

IT IS SO STIPULATED.

Dated: September 25, 2022                                PHILLIP A. TALBERT
                                                         United States Attorney

                                                         By: /s/ *Jessica A. Massey*
                                                         JESSICA A. MASSEY
                                                         Assistant U.S. Attorney


Dated: September 25, 2022                                By: /s/ *Griffin Estes*
                                                         GRIFFIN ESTES
                                                         Attorney for Anthony Minor


Dated: September 25, 2022                                By: /s/ *Monica Bermudez*
                                                         MONICA BERMUDEZ
                                                         Attorney for Tilisha Morrison


IT IS SO ORDERED.

   Dated:   **September 28, 2022**                       /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE

STIPULATION FOR PROTECTIVE ORDER AND
ORDER THEREON

3